UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT LISERIO, | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) |
| VS. | )   Civil Action No. SA-19-CV-1159-XR |
| | ) |
| COLT OILFIELD SERVICES, LLC, ROY | ) |
| E. AGUILAR, TOTAL TANK SYSTEMS, | ) |
| LLC, and TERRY BOOKER | ) |
| | ) |
|    *Defendants.* | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Remand (docket no. 5), Defendants' Response (docket no. 7), and Plaintiff's Reply (docket no. 8). After careful consideration, Plaintiff's motion is DENIED.

## BACKGROUND

On September 16, 2019, Plaintiff filed this civil action in the 438th Judicial District Court, of Bexar County, Texas, alleging breach of contract, breach of fiduciary duties, breach of good faith among members of a joint venture, and conversion. Docket no. 1-1.[1] Plaintiff, a Wyoming citizen, brought suit against the following defendants: (1) Colt Oilfield Services, LLC ("Colt"), a

---

[1] This case, as Plaintiff explains, has "a long and tortured history." Docket no. 5 at 7. In August 2018, Plaintiff filed a similar action which was heard before Judge Farrer. That court allowed for *four* amended complaints (and then a "Corrected Fourth Amended Complaint"). Docket no. 7 at 4. Ultimately, Judge Farrer issued an order addressing Plaintiff's "repeated failure to comply with Court orders requiring him to properly plead the citizenship of all parties in this diversity action." *Id.* In response, Plaintiff filed a Consent to Dismiss Case Without Prejudice. *Id.* Plaintiff now alleges he did so because he realized his own pleadings stated that Plaintiff was a member of Colt or a member of the resulting Texas joint venture made up of Aguilar, Booker, and Plaintiff. Nonetheless, Plaintiff's Corrected Fourth Amended Complaint specifically pled that "<u>No</u> listed or recorded member of Colt is a citizen of the state of Wyoming" and Total Tank's "members are <u>all citizens of Texas</u>." Docket no. 8 at 4 (emphasis added).

Texas LLC in which "all registered members'" are Texas citizens; (2) Total Tank Systems, LLC ("Total Tank"), a Texas LLC whose two members (Roy and Justin Aguilar) are Texas citizens; (3) Roy Aguilar ("Aguilar"), a Texas citizen; and (4) Terry Booker ("Booker"), a Texas citizen. Docket no. 1-1 at 3; no. 4 at 2. The dispute arises from a complex set of allegations involving multiple actors in the oil and gas service industry, but at bottom, Plaintiff alleges he was a party to two agreements whereby he was to receive proceeds from Colt (and therefore also from Total Tank)[2] and that Defendants breached their contractual and fiduciary duties to him.

The first source of this alleged obligation is a conversation between Plaintiff and Booker in 2010, when Plaintiff began working for Colt as leader of all Wyoming operations. Docket no. 1-1 at 5. In that conversation, Plaintiff claims that Booker told him that Plaintiff would receive a 15% interest in Colt and that he would therefore be a "silent partner." *Id.* And "[a]fter this time, Plaintiff always referred to his interest in Colt as a 15% 'silent partner'…notwithstanding the recorded membership in Aguilar," as Aguilar is the only named member of Colt. *Id.* at 5–6; *see also* docket no. 7-5 at 1. Plaintiff then refers to this "equitable interest" as a joint venture and that, therefore, "Plaintiff was [sic] been employed by Colt over the past years since 2010…." *Id.* Indeed, Plaintiff alleges that he properly received his pro-rata 15% of distributions from 2014 to 2016. Docket no. 1-1 at 6. Plaintiff claims he "always treated Booker and Aguilar as his partners and joint owners in the Colt equity" but concedes that "only Aguilar and Booker had access to the books and records of Colt and Total Tank." *Id.* at 8–9. Those two, Plaintiff admits, acted as chief officers "with the authority and power to cause Colt or Total Tank to act, or refrain from acting…"

---

[2] Total Tank was owned by Aguilar and was an affiliate of Colt. Total Tank and Colt worked together with various customers through their Master Service Agreements ("MSA"). In some of those MSAs, Colt performed certain services for Total Tank's customers, upon which the customers would pay Total Tank. Those payments "would be turned over to Colt, from which Colt would make its distributions…." Docket no. 1-1 at 7-8.

2

and with the "actual authority to bind Colt and Total Tank to commitments, contracts, and agreements…." *Id.* at 9, 13.

Plaintiff's second alleged source of obligation stems from an agreement in 2016 (the "2016 Agreement") which allegedly increased Plaintiff's distribution share to 25% and provided a 25% share of any net proceeds upon any potential sale of Colt. *Id.* at 11. Unlike the first, this agreement was reduced to a notarized writing which states:

> I, Roy E. Aguilar, acknowledge that Robert Liserio and his assigns or heirs is entitled to twenty-five (25%) of all distribution from Colt Oilfield Services, LLC. The benefactors will also be entitled to twenty-five percent (25%) of the net proceeds upon sale of said company.

Docket no. 1-1 at 11. Nonetheless, Plaintiff concedes this agreement "was not the best expression of clarity as to the full description of the party's [sic] relationship, or their ownership as 'silent partners….'" *Id.* Plaintiff claims the parties intended the 2016 Agreement to modify certain parts of the 2010 oral agreement but that other elements of the prior agreement were to persist; specifically, Plaintiff states that Booker and Aguilar promised to properly account for all distributions and make only pro-rata distributions. *Id.* at 13.

Plaintiff claims that from these agreements arose either a variety of fiduciary duties or "at least a 'special relationship.'" *Id.* at 13–14. Plaintiff claims Defendants breached these fiduciary duties—or the special relationship—through various means including refusing to make any further distributions and negotiating to sell Total Tank and Colt to PetroStar Services, LLC.[3] Due to these alleged breaches, Plaintiff seeks damages, specific performance, the imposition of a constructive trust, and the completion of an accounting. Docket no. 1-1 at 24–34.

---

[3] PetroStar was previously a named Defendant when this case was before Judge Farrer. When filing this case again, Plaintiff elected not to name PetroStar.

On September 25, 2019, Defendants timely filed this Notice of Removal before being served. Docket no. 1. In that Notice, Defendants initially failed to adequately allege the citizenship of Colt and Total Tank as LLCs, so this Court ordered Defendants to amend their filings. Docket no. 3. In their Amended Notice of Removal, Defendants pled the following:

> 4. Defendant <u>Colt Oilfield</u> Services, LLC, is a Texas limited liability company with its principal place of business in Bexar County, Texas. Colt Oilfield Services, LLC consists of one member, namely, Roy E. Aguilar. Roy E. Aguilar is a citizen of **Texas**.
>
> 5. Defendant <u>Roy E. (Eddie) Aguilar</u> is an individual who is a citizen of **Texas**.
>
> 6. Defendant <u>Total Tank Systems</u>, LLC, is a Texas limited liability company with its principal place of business in Bexar County Texas. Total Tank Systems, LLC consists of two members, namely, Roy E. Aguilar and Justin Aguilar. Roy E. Aguilar is a citizen of **Texas**. Justin E. Aguilar is a citizen of **Texas**.
>
> 7. Defendant <u>Terry Booker</u> is an individual who is a citizen of **Texas**.

Docket no. 4 (emphasis added). In response, Plaintiff filed its Motion to Remand currently before this Court. Docket no. 5. Plaintiff proffers two reasons the Court should remand the case: (1) Defendants failed to plead that diversity jurisdiction existed at the time of filing in state court *and* at the time of removal, and (2) Plaintiff claims he is a "silent partner" in either an unnamed Texas joint venture or in Colt, thereby making the joint venture or Colt, in part, a citizen of Wyoming, destroying complete diversity because Plaintiff himself is a Wyoming citizen. Docket no. 5 at 5–6.

## ANALYSIS

**I.    Legal Standard**

A defendant can remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction. 28 U.S.C. § 1441(a). A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount

4

in controversy is greater than $75,000 exclusive of interests and costs[4]. Because removal implicates federalism concerns, any ambiguities are construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.*

If the removing party seeks to establish diversity as the basis of the court's jurisdiction, "it is 'well settled that a removing party must allege diversity both at the time of the filing of the suit in state court and at the time of removal.'" *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quoting *Schwinn Bicycle Co. v. Brown*, 535 F. Supp. 486, 487 (W.D. Ark. 1982)); *see also Coury v. Prot*, 85 F.3d 244, 248–49 (5th Cir. 1996). If diversity is present at the commencement and removal of the suit, "it will not be destroyed by subsequent changes in the citizenship of the extant parties." *Coury*, 85 F.3d at 249 (citing *Smith v. Sperling*, 354 U.S. 91, 92 n.1 (1957)).

In addition to the requirement of pleading the timing of the existence of diversity citizenship, the requirements for pleading the citizenship of LLCs and other noncorporate entities have proven particularly problematic for parties seeking to establish diversity jurisdiction. The citizenship of an LLC depends on the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."). "A party seeking to establish diversity jurisdiction must specifically allege the

---

[4] The parties do not dispute that the amount-in-controversy requirement is satisfied, as Plaintiff seeks damages in excess of $1 million. Docket no. 4 at 2.

citizenship of every member of every LLC…involved in a litigation." *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be traced through however many layers of members or partners there may be. *Deep Marine Tech., Inc. v. Conmaco/Rector, LP*, 515 F. Supp. 2d 760, 766 (S.D. Tex. 2007). General allegations that all members are of diverse citizenship from the parties on the other side, without factual specificity, are insufficient. *Mullins v. Testamerica, Inc.*, 300 F. App'x 259, 259–60 (5th Cir. 2008).

If a party fails to properly allege jurisdiction in its notice of removal, 28 U.S.C. § 1653 grants courts the authority and discretion to allow that party to cure defective allegations of jurisdiction. *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) ("[Section] 1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties."). Generally, a defendant may freely amend a notice of removal within the thirty-day period set out in 28 U.S.C. § 1446(b), but thereafter, a party may only amend to set forth more specifically the jurisdictional grounds that were imperfectly stated in the original notice. *Wormley v. S. Pac. Transp. Co.*, 863 F. Supp. 382, 385 (E.D. Tex. 1994). "Defective allegations of jurisdiction in a notice of removal, though possibly not sufficient to confer jurisdiction if not amended, are sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment, even outside the thirty-day period." *Flores v. Allstate Vehicle and Property Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *4 (W.D. Tex. Oct. 31, 2018) (citing *Wormley*, 863 F. Supp. at 385).

## II. Application

### A. Diversity at Time of Filing *and* Time of Removal

Plaintiff argues that Defendants failed to allege that diversity existed at the time of filing of the original petition in state court and that, therefore, Defendants failed to meet the so-called "double designation" requirement. Docket no. 5 at 9–10; *see Allstate*, 8 F.3d at 221 (requiring removing party to plead diversity existed at both time of filing and time of removal). Plaintiff is correct: Defendants' Notice of Removal refers only to the parties' citizenship at the time of removal. Docket no. 4 at 2.

Nonetheless, Defendants are entitled to cure this defective allegation of jurisdiction. *Menendez*, 364 F. App'x at 66. Because the thirty-day period set out in 28 U.S.C. § 1446(b) has already passed, Defendants may only amend to set forth more specifically the jurisdictional grounds that were imperfectly stated in the original notice. *Wormley*, 863 F. Supp. at 385. Defendant may do so by pleading the citizenship of the parties at both the time of filing in state court (September 16, 2019) and the time of removal (September 25, 2019).

### B. Plaintiff as a "Silent Member"

Plaintiff next argues that he is a "silent member" of either an unnamed joint venture or Colt, thereby making either, in part, a Wyoming citizen. Docket no. 5 at 11. If true, that would destroy complete diversity by virtue of Wyoming citizens on both sides of the dispute. Plaintiff's basis for claiming he is a member stems from his alleged entitlement to distributions from Colt based on either the 2010 conversation with Booker or the 2016 Agreement. Docket no. 1-1 at 5, 11.[5]

---

[5] Plaintiff claims he dismissed the original complaint in front of Judge Farrer when he "realized that his own pleadings claimed that Plaintiff himself was a member" of the LLC. Docket no. 8 at 7 n.5. Nonetheless, Plaintiff's own Petition

7

As to the existence—and citizenship—of the unnamed joint venture, Plaintiff is correct that his citizenship in such an organization would thereby make that joint venture, in part, a Wyoming citizen. *See, e.g. Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 16-cv-0003, 2016 WL 2756589, at *6 (S.D. Tex. May 9, 2016) (citing *Schiavone Constr. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996) ("For diversity purposes, the citizenship of a joint venture is the citizenship of each of its members."). But Plaintiff does not plead the existence of any joint venture[6] or make any claim against a joint venture which might destroy complete diversity in the present case. *See Rosenbrock*, 2016 WL 2756589, at *6 (ignoring an alleged joint venture's citizenship where the plaintiff made merely vague allegations as to the joint venture's existence and made no claim against a joint venture).

As to Plaintiff's membership in—and citizenship of—Colt LLC, Plaintiff is not named in the Certification of Formation. Docket no. 7-5 at 1 (naming only Eddie Aguilar as a member).[7] Nor was Plaintiff later added as a member. "A person who, after the formation of a limited liability company, acquires directly or is assigned a membership interest in the company or is admitted as a member of the company without acquiring a membership interest, becomes a member of the company on approval or consent of all of the company's members." TEX. BUS. ORG. CODE §

---

still states that "[a]ll registered members of Colt are citizens of the State of Texas." Docket no. 1-1 at 3 (emphasis added).

[6] Even if the Court attempted to glean from Plaintiff's Petition the existence of a joint venture, Plaintiff has failed to allege the minimal requirements of any such venture. A joint venture under Texas law requires (1) a community of interests in the venture; (2) an agreement to share profits; (3) an express agreement to share losses; and (4) mutual right of control or management of the venture. *See St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 535 (Tex. 2002). The only source of any alleged "agreement to share profits" was through Colt LLC, and as such, the LLC-specific rules apply, as described below. Nor has Plaintiff pled any agreement to share losses (much less an express one) and has indeed pled affirmatively that he did *not* have control or management of either Colt LLC or the unnamed joint venture. *See, e.g.* docket no. 1-1 at 9, 13. In fact, the basis of Plaintiff's underlying fiduciary duty claim is that Brooks and Aguilar alone had access to and control over all relevant books and records. *Id.* at 8–9.

[7] Nor is Plaintiff named as a member of Total Tank. Docket no. 7-6 at 1 (naming Roy and Justin Aguilar).

101.103(c). The Code itself supports the inference that one may receive distributions from an LLC, even with a "membership interest," yet still not be a member of the LLC. It provides that one who is assigned a membership interest in an LLC, even one entitled to receive an allocation of income or any distribution, is still only "entitled to become a member of the company on the approval of all of the company's members." *Id.* § 101.109. There is no indication that any Defendants or member of Colt ever approved or consented to Plaintiff becoming a member, nor does Plaintiff's own Petition state that he is a member of either the LLC or the unnamed joint venture.

As such, the Court does not consider Plaintiff's individual citizenship for determining the citizenship of Colt LLC (or the unnamed joint venture). As pled in both Plaintiff's Original Petition and Defendant's Notice of Removal, each of Colt LLC's members is a Texas citizen. Accordingly, Colt is a Texas citizen for purposes of diversity determination. With Plaintiff (Wyoming) on one side, and Defendants (all Texas citizens) on the other, there is complete diversity.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (docket no. 5) is DENIED. Defendant is ORDERED to amend its Notice of Removal by **Tuesday, November 26** to properly allege the citizenship of the parties at both the time of filing in state court as well as the time of removal.

It is so ORDERED.

SIGNED this 20th day of November, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE